UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
CAROL TUCKER,                            )
                                         )   No. C11-1771RSL
             Plaintiff,                  )
        v.                               )   ORDER VACATING JOINT STATUS
                                         )   REPORT DEADLINES
SENIOR HOUSING ASSISTANCE GROUP,         )
                                         )
             Defendant.                  )
_____)

This matter comes before the Court on defendant's "Motion to Postpone FRCP 26 Schedule." Although counsel for defendant has filed a notice of appearance, defendant has not yet been served in the above-captioned matter. "[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." SEC v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007).[1]

Because the Court does not yet have jurisdiction over defendant, the "Order

---

[1] Plaintiff asserts that she cannot afford to pay for service of process and that any requirement that service be accomplished "is unjust and a violation of [her] Constitutional right to access the courts without delay and without cost." Dkt. # 12 at 1-2. Service is not optional: the Court lacks jurisdiction over defendant unless and until a copy of the summons and complaint is served pursuant to Fed. R. Civ. P. 4. Service does not have to cost a lot, however. Plaintiff is advised to review Rule 4 for her options in this matter.

ORDER VACATING JOINT
STATUS REPORT DEADLINES

Regarding Initial Disclosures, Joint Status Report and Early Settlement" issued on November 16, 2011 (Dkt. # 7) is hereby VACATED. These deadlines will be reset after plaintiff has served defendant and plaintiff's request for appointment of counsel has been resolved.

In her response to defendant's motion, plaintiff requests that the Court (1) order defense counsel to refrain from mentioning plaintiff's bar complaint and (2) order SHAG to release plaintiff from her lease. Requests for relief from the Court generally must be presented in a motion, properly briefed and noted pursuant to Local Civil Rules 7 and 10, rather than included in a response related to a completely separate topic. See http://www.wawd.uscourts.gov/ReferenceMaterials/LocalRules.htm. Even if the Court were to consider plaintiff's requests for relief, they would be denied. Defense counsel did not mention plaintiff's bar complaint simply to "tattle" on her. Defense counsel knows, from prior experience in this district, that the Court expects litigants to cooperate regarding scheduling and discovery matters in an effort to resolve such disputes by agreement of the parties. The fact that plaintiff has filed a bar complaint against defense counsel was undoubtedly offered to explain why counsel failed to contact plaintiff informally in an attempt to resolve this dispute without Court intervention.

Plaintiff's second request is for the relief sought in her complaint. Defendant is not yet before the Court, however, and plaintiff has not shown that the Americans with Disabilities Act has been violated or that she is otherwise entitled to an order releasing her from her lease.

Dated this 1st day of December, 2011.

*Robert S. Lasnik* (signature)

Robert S. Lasnik
United States District Judge

ORDER VACATING JOINT
STATUS REPORT DEADLINES            -2-